IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERRARI FINANCIAL SERVICES, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> IIA, LLC a/k/a INTERNATIONAL INTELLIGENCE AGENCY, LLC, an Illinois limited liability company; BONITA ENTERPRISES LLC, an Alaska limited liability company; and GERALD MICHAEL ABRAHAM, <br><br> Defendants. | Case No. _____ |

## VERIFIED COMPLAINT

Plaintiff, Ferrari Financial Services, Inc. ("Ferrari Financial" or "Plaintiff"), for its Verified Complaint for replevin, related declaratory relief and damages, states as follows:

### INTRODUCTION

1. This action is brought to: (a) obtain possession of a 2007 Ferrari model 612 Scaglietti, #ZFFJB54A570156500 (the "Ferrari 612"), which serves as collateral for the obligations to Plaintiff of Bonita Enterprises LLC, an Alaska limited liability company ("Bonita"), and Dr. Gerald Michael Abraham ("Abraham," and together with Bonita, the "Owner"), who together purchased the Ferrari 612 in 2008; (b) for a declaration of the validity, value and priority of the parties' respective competing interests in the Ferrari 612; and (c) to recover damages caused by the Owner's default under its contract with Plaintiff.

### THE PARTIES

2. Ferrari Financial is a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey.

{7307 CMP A0250662.DOC 4}

3. IIA, LLC ("IIA") is an Illinois limited liability company with its principal place of business in Palatine, Illinois.

4. On information and belief, IIA's sole member is Scott Jackson, who is a citizen of Illinois.

5. Bonita is an Alaska limited liability company which, according to the records of the State of Alaska, has its principal place of business in Missoula, Montana.

6. On information and belief, Bonita's sole member is Abraham, an individual, who resides in Bonita Springs, Florida and is a citizen of Florida.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff, on the one hand, and each of the Defendants, including the members of Bonita and IIA, on the other hand, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

8. This Court also has jurisdiction pursuant to 28 U.S.C. § 1655 to determine the parties' respective rights and interests in the Ferrari 612, which is currently in IIA's possession in this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), because the Ferrari 612, which is a subject matter of this action, is in IIA's possession in this judicial district.

## FACTUAL BACKGROUND

**A. Plaintiff's Interest in the Ferrari**

10. Ferrari of Central Florida ("FCF"), which is not a party to this action, sold the Ferrari 612 to Owner pursuant to a retail installment contract dated May 21, 2008 (the "Contract"). A true and correct copy of the Contract is attached as <u>Exhibit A</u>.

11. By its terms, the Contract assigned FCF's rights to Plaintiff.

12. Plaintiff perfected its security interest in the Ferrari 612 on the Ferrari 612's certificate of title on June 16, 2008, pursuant to Mont. Code Ann. § 61-3-103. A true and correct copy of the Ferrari 612's certificate of title is attached as <u>Exhibit B</u>.

13. Owner defaulted on the Contract by, among other things, failing to make payments due from December of 2008 until the present. As of January 14, 2010, Owner owes Ferrari Financial under the Contract the principal sum of $243,853, plus accrued and accruing interest, late charges, other charges and costs and expenses, including attorneys' fees, incurred by Plaintiff in exercising its rights under the Contract.

14. Paragraph 10 of the Contract allows Plaintiff to "take the vehicle from [Owner] with or without demand" upon Owner's default.

15. The current NADA Website Used Car Guide shows the average retail value for a 2007 Ferrari model 612 Scaglietti as $213,600.

**B.  Defendants' Interests in the Ferrari**

16. Without Plaintiff's knowledge or consent and in violation of the Contract, Owner leased the Ferrari to a third party ("Lessee").

17. On information and belief, Lessee refused to return the Ferrari to the Owner.

18. The Owner contacted IIA in Illinois and thereafter entered into a contract, dated May 13, 2009, with IIA to repossess the Ferrari (the "Agreement"). The Agreement is governed by Illinois law. A true and correct copy of the Agreement is attached as <u>Exhibit C</u>.

19. On information and belief, IIA repossessed the Ferrari and replaced its tires.

20. IIA currently has possession of the Ferrari.

**C.  The Parties' Competing Interests in the Ferrari**

21. On November 12, 2009, Plaintiff informed IIA of its perfected security interest in the Ferrari and demanded that IIA relinquish possession of the Ferrari 612 (the "Demand"). A true and correct copy of the Demand is attached as <u>Exhibit D</u>.

22. On December 2, 2009, IIA sent a letter (the "Letter") to Plaintiff refusing to return the Ferrari 612 until Plaintiff paid $119,909 for services IIA allegely performed on three different vehicles, including the Ferrari 612, for Abraham. A true and correct copy of the Letter is attached as <u>Exhibit E</u>.

23. Plaintiff has made oral and written demands for surrender of the Ferrari 612 on both Owner and IIA, but the Ferrari 612 has not yet been surrendered to Plaintiff.

## COUNT I
## REPLEVIN AND RELATED DECLARATORY RELIEF
## (Against All Defendants)

24. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

25. These claims are brought pursuant to 735 ILCS 5/19-101 *et. seq.* for Plaintiff to obtain possession of the Ferrari 612, and pursuant to 28 U.S.C. § 2201 for a declaration of the validity, value, and priority of the parties' competing interests in the Ferrari.

26. Plaintiff's interest in and right to possess the Ferrari 612 is superior to each Defendant's alleged interest and right to possess the Ferrari 612.

27. Plaintiff's interest in and right to possess the Ferrari 612 arises from the Contract and Fla. Stat. § 679.609.

28. Fla. Stat § 679.609 allows a secured party to take possession of its collateral upon default.

29. IIA has not specifically asserted a statutory or common law lien on the Ferrari 612. IIA merely refuses to surrender the Ferrari 612 to Plaintiff unless IIA is paid an amount allegedly owed to IIA by Abraham.

30. The Ferrari 612 has not been taken for any tax, assessment or fine levied by any law of the State of Illinois against the property of Plaintiff, or against Plaintiff individually, nor seized under any lawful process against the goods and chattels of Plaintiff subject to lawful process, nor held by virtue of any order of replevin against Plaintiff.

31. Plaintiff is prepared to post a bond of double the value of the Ferrari 612, or such lesser amount as this Court requires to adequately protect any one or more of the Defendants' asserted interest in the Ferrari 612.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against IIA and the Owner: (a) declaring Plaintiff's security interest in the Ferrari 612 and right to its possession superior to any rights asserted by either IIA or the Owner; (b) determining the validity, value and priority of any lien on or other interest in the Ferrari 612 held by IIA vis-à-vis Plaintiff's security interest in the Ferrari 612; (c) entering an order of replevin directing the sheriff or other proper officer to seize the Ferrari 612 and deliver it to Plaintiff, or, in the alternative, directing IIA to surrender possession of the Ferrari 612 to Plaintiff; and (d) granting Plaintiff such other relief as may be just and proper.

### COUNT II
### BREACH OF CONTRACT
### (Against Owner)

32. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

33. The Contract is a valid and binding contract by and between Plaintiff, on the one hand, and Owner on the other hand.

34. Owner has defaulted under the Contract by, among other things, failing to pay Plaintiff the amounts owed under the terms of the Contract.

35. As of January 14, 2010, Owner owes Plaintiff the principal sum of $243,853.00, plus accrued and accruing interest, late charges, other charges and costs and expenses, including attorneys' fees, incurred by Plaintiff in exercising its rights under the Contract.

36. Plaintiff has performed all of its obligations under the Contract.

37. Plaintiff has been damaged as a result of Owner's breach of the Contract.

38. Bonita and Abraham are jointly and severally liable for Owner's breach of the Contract.

39. Plaintiff is entitled to recover the costs and expenses, including attorneys' fees, that it has incurred as a result of Owner's breach of the Contract.

WHEREFORE, Plaintiff requests that this Court enter a joint and several judgment against Bonita and Abraham equal to the principal amount owed under the Contract, plus accrued and accruing interest, late charges, other charges and costs and expenses, including attorneys' fees, incurred by Plaintiff in exercising its rights under the Contract, and grant Plaintiff such other relief as may be just and proper.

February 22, 2010

FERRARI FINANCIAL SERVICES, INC.

By: _/s/ Marylynne Schwartz_
One of its Attorneys

Steven Towbin (#2848546)
Richard A. Saldinger (#6209930)
Marylynne Schwartz (#6297576)
SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151 (Tel.)
(312) 980-3888 (Fax)

## **VERIFICATION**

I state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing complaint is true and correct.

_____
Thomas Vitale
Vice President
Ferrari Financial Services, Inc.