UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERRARI FINANCIAL SERVICES, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| | ) No. 10 C 1200 |
| v. | ) |
| | ) Senior U. S. District Court Judge |
| IIA, LLC a/k/a INTERNATIONAL | ) George W. Lindberg |
| INTELLIGENCE AGENCY, LLC, an Illinois | ) |
| limited liability company; BONITA | ) |
| ENTERPRISES, LLC, an Alaska limited | ) |
| liability company; and GERALD MICHAEL | ) |
| ABRAHAM, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On February 25, 2010, plaintiff Ferrari Financial Services, Inc. filed a motion seeking

replevin of a Ferrari 612 Scaglietti ("Ferrari").  On March 12, 2010, the court granted plaintiff's

motion for replevin and ordered defendant International Intelligence Agency, LLC ("IIA") to

deliver the Ferrari to plaintiff.  The court denied IIA's motion for reconsideration on March 30,

2010.  On May 26, 2010, the court granted plaintiff's motion for rule to show cause as to why IIA

should not be held in contempt of court for failing to return the Ferrari to plaintiff.  Before the

court is IIA's motion for reconsideration of the court's March 12, March 30, and May 26 orders

("orders").  For the reasons stated below, IIA's motion for reconsideration is granted in part and

denied in part.

In support of its motion for reconsideration, IIA raises both evidentiary and procedural

issues.  IIA argues that two pieces of additional evidence warrant reconsideration of the court's

March 30 order denying IIA's first motion for reconsideration. First, IIA submits an affidavit

from Kevin Moore ("Moore") attesting that Scott Jackson released the Ferrari to Moore's

representative sometime in the middle of 2009. Second, IIA presents a detailed account of its

efforts to locate the Ferrari from March 12 onward. In its procedural argument, IIA asserts that

the court's March 12 order for replevin should be reconsidered because it does not comport with

the requirements of the Illinois Replevin Act. Relatedly, IIA asks the court to reconsider its May

26 order instructing IIA to show cause as to why it should not be held in contempt for disobeying

the March 12 order.

Although the parties disagree somewhat over the applicable standard in this case, this

court has the "inherent power to modify or rescind interlocutory orders prior to final judgment."

*Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985) (citation omitted). Reconsideration of

interlocutory orders is appropriate "where the court has misunderstood a party, the court has

made a decision outside the adversarial issues presented to the court by the parties, the court has

made an error of apprehension (not of reasoning), a significant change in the law has occurred, or

significant new facts have been discovered." *Dugan v. City of W. Chi.*, 2009 WL 742683, 1

(N.D. Ill.) (citation omitted).

IIA's first evidentiary argument that Moore's affidavit constitutes a basis for the court's

reconsideration of its orders is unpersuasive. Even accepting as credible IIA's assertion that it

was only recently able to locate Moore (despite previously managing to find Moore in 2009 to

collect the Ferrari), the court does not find Moore's affidavit credible. In his affidavit, Moore

does not explain why he believes his "company" lawfully received possession of the Ferrari, nor

does he identify the "representative" sent to collect the Ferrari or give any indication as to the Ferrari's current whereabouts. Moore's story is essentially a reformulation of Scott Jackson's earlier testimony, testimony which the court found was not credible. If Moore's affidavit indeed constitutes a "new fact," as IIA argues, the court does not find this new fact significant enough to warrant reconsideration of its March 30 order.

In its second evidentiary argument, IIA maintains that its detailed documentation of its investigative efforts subsequent to the court's order for replevin warrants reconsideration. The court has dismissed this argument before, however. In response to IIA's first motion for reconsideration, the court held that IIA's post-order attempts at locating the Ferrari did not constitute a basis for reconsideration. Again, the court finds that documentation of IIA's search for the Ferrari after the court issued an order for replevin, detailed though it may be, is not a sufficient basis to reconsider any of the court's orders because it does not constitute a "significant new fact" or otherwise comport with the standard explained in *Dugan*. The court denies IIA's motion to reconsider its March 30 order because neither of IIA's evidentiary arguments constitutes a basis for reconsideration and the court declines to disturb its factual finding that IIA retains possession, custody, and/or control of the Ferrari.

In its procedural argument, IIA takes issue with the form of the March 12 order for replevin. Specifically, IIA argues that the court erred in ordering IIA to deliver the Ferrari directly to plaintiff. Under Illinois law, a court may not order a defendant to deliver property subject to an order for replevin directly to a plaintiff. *Jim's Furniture Mart, Inc. v. Harris*, 356 N.E.2d 175, 176 (Ill. App. 4th Dist. 1976); 735 Ill. Comp. Stat. § 5/19-109 (2010). Accordingly,

IIA's argument concerning the form of the order for replevin, which directed IIA to return the

Ferrari to plaintiff, is meritorious.  Plaintiff suggests that the court remedy this error with a *nunc*

*pro tunc* order amending the order for replevin; however, a *nunc pro tunc* order "is limited to

current correction of the record to speak an earlier truth: an order made earlier but not formally

entered."  *Transamerica Ins. Co. v. South*, 975 F.2d 321, 326 (7th Cir. 1992) (citation omitted).

Therefore, a *nunc pro tunc* order is not appropriate in this case.

Accordingly, the court will vacate its March 12 order and enter a new order for replevin,

which will direct the U.S. Marshal as an "other officer" to collect the Ferrari.  *See* 735 Ill. Comp.

Stat. § 5/19-109 ("The order for replevin shall require the sheriff, or other officer to whom it is

directed to take the property . . . .").  In accordance with the Illinois Replevin Act, the new order

for replevin will also require plaintiff to post a bond of double the value of the property to be

replevied.  *See id.* at § 5/19-112.  For purposes of this bond only, the court accepts IIA's

proffered figure of $119,000.00 as the value of the Ferrari.

Finally, IIA's request that the court reconsider its May 26 order requiring IIA to show

cause as to why it should not be held in contempt for disobeying the March 12 order is granted.

The court vacates that order on the basis that the contempt matter is mooted by the court's ruling

on the March 12, 2010, order for replevin

ORDERED: Defendant International Intelligence Agency, LLC's ("IIA") motion for

reconsideration [77] is granted in part and denied in part.  The motion to reconsider the March

12, 2010, order of replevin [19] is granted and the order of replevin is vacated.  Counsel for

plaintiff Ferrari Financial Services, Inc. shall prepare and submit to the court a draft order for

10 C 1200

replevin.  The court denies the motion to reconsider its March 30, 2010, order [31] denying IIA's

first motion for reconsideration.  The court grants the motion to reconsider its May 26, 2010,

order [63] requiring IIA to show cause and vacates that order on the basis that the contempt

proceedings are now moot.  Plaintiff's motion to compel [92] is denied as moot.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

Dated:  July 19, 2010